ORIGINAL

**COWAN LIEBOWITZ LATMAN**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/21

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525
(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

Jeremy A. Berman
(212) 790-9293
JAB@cll.com

MEMO ENDORSED

September 20, 2021

<u>Via ECF</u>

Judge Louis L. Stanton, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   **Request for Conference Pursuant to Local Rule 37.2**
      ***AG Perfume v. TPR Holdings et al.*, Case No. 1:21-cv-01730**

Dear Judge Stanton:

> *The form "all documents" is way too broad, and those request are vacated. Plaintiff may justifiably ask for all documents def-endants will offer in support of those propositions.*
>
> *Louis L. Stanton*
> *9/24/21*

We write on behalf of Plaintiff AG Perfume and Cosmetics, Inc. ("Plaintiff") pursuant to Local Rule 37.2 seeking a court conference to address Defendants' improper discovery responses (the "Responses," attached hereto as Exhibit A). Defendants have completely failed to meet their discovery obligations by objecting to nearly every one of Plaintiffs' document requests, and by producing only documents that were copies of documents already produced by Plaintiff.

In these Responses, Defendants avoid admitting that they possess no documents supporting their defenses by simply responding to each and every one of Plaintiff's document requests with the following boilerplate statement: "Defendants object to this request on the grounds that it is overly vague, ambiguous, overly broad, overly burdensome on Defendants, and is not reasonably calculated to produce information relevant to the Action." Defendants answer 24 of Plaintiff's 30 document requests with only this sentence, even in response to requests as straightforward as "All documents supporting or concerning Defendants' denial in Paragraph 23 of the Answer that the parties entered into the Sale Contract" (Response 19), "All documents supporting or concerning Defendants' Tenth Affirmative Defense that Plaintiff's claims are barred by lack of jurisdiction and insufficient service" (Response 29), and "All documents supporting or concerning Defendants' Eleventh Affirmative Defense that Plaintiff's claims are barred by the statute of limitations" (Response 30).

It is apparent that Defendants have no actual defenses to the allegations in the Complaint, so they instead issued an Answer full of rote denials and boilerplate affirmative defenses bearing no relationship to the claims and allegations at issue. And rather than admit that these denials and defenses are not based on any actual documents or information in Defendants' possession, they

32083/000/3919803.1

**Cowan, Liebowitz & Latman, P.C.**
Judge Louis L. Stanton, U.S.D.J.
September 20, 2021
Page 2

served discovery responses 49 days after the court-ordered deadline of July 21 (Dkt. No. 20 at 3) filled with obviously false claims to not understand Plaintiffs' simple requests for any documents supporting Defendants' denials and defenses.

I emailed Defendants' counsel seven days ago seeking to meet and confer regarding these deficient responses prior to the fact discovery cut-off on September 17, 2021, and Defendants' counsel did not respond to that email (attached hereto as Exhibit B). As a result, Plaintiff requests a discovery conference with the Court, at which Plaintiff will seek an order requiring Defendants to expeditiously provide substantive responses to Plaintiffs' discovery requests, and state when it has no documents in response to any of Plaintiffs' requests. Plaintiff additionally requests that all deadlines in this action be extended to accommodate this discovery conference. Plaintiff further would like to discuss having this matter referred to a magistrate judge for mediation.

Sincerely,

*/s/ Jeremy A. Berman*

Jeremy A. Berman

Encls.

cc: Scott L. Swanson
Joseph P. Cervini, Jr.
Connor Peters
CERVINI SWANSON LLP
420 Lexington Avenue, Suite 2250
New York, New York 10170